UNITED STATES of America,

v.

Anthony Lee WAINWRIGHT, Jr., Defendant.

Criminal No. 4:10cr16.

United States District Court, E.D. Virginia, Newport News Division.

June 2, 2011.

Howard J. Zlotnick, Lisa R. McKeel, Brian J. Samuels, Assistant United States Attorneys, Newport News, VA, for Plaintiff.

Lawrence H. Woodward, Jr., Esquire, Shuttleworth Ruloff Swain Haddad & Morecock, Virginia Beach, VA, Emily M. Munn, Esquire, Reed & Munn, Norfolk, VA, for Defendant.

## ORDER

REBECCA BEACH SMITH, District Judge.

On April 20, 2011, after a five-day jury trial in Newport News, Virginia, the defendant was convicted on Counts One, Two, Three, Four, Five, Six, and Seven of the Second Superseding Indictment. The jury found the defendant not guilty on Count Ten. Count Seven charges the defendant with Killing of a Witness to Prevent Communication to Law Enforcement, in violation of 18 U.S.C. § 1512(a)(1)(C) ("Section 1512"). This conviction carries an automatic life sentence. The defendant's sentencing is set for July 22, 2011.

■ Since the verdict was rendered, the Supreme Court has decided the case of *Fowler v. United States*, — U.S. —, 131 S.Ct. 2045, 179 L.Ed.2d 1099 (2011). Therein, the Supreme Court resolved a split among the circuits as to the elements required to be proven to sustain a conviction for killing of a witness under Section 1512. The difference between circuits resulted from whether the United States must make any showing as to whether the witness would have communicated to a *federal* law enforcement official rather than *any* law enforcement official. *See Fowler*, 131 S.Ct. at 2049 ("The question here is how this language applies when a defendant (1) kills a victim, (2) with an intent (a) to prevent a communication (b) about the commission or possible commission of a federal offense but (c) *to law enforcement officers in general rather than to some specific law enforcement officer or set of officers which the defendant has in mind.*" (emphasis in original)). The Supreme Court held:

> [T]he Government must show *a reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer. That is to say, where the defendant kills a person with an intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer.

*Id.* at 2052 (emphasis in original).

■ This holding specifically overruled the Fourth Circuit's decision in *United States v. Harris*, 498 F.3d 278 (4th Cir. 2007). Therein, the Fourth Circuit held that no showing was necessary concerning whether the witness would actually communicate with a federal law enforcement official because "[s]o long as the information the defendant seeks to suppress actually relates to the commission or possible commission of a federal offense, the federal nexus requirement is established." *Id.* at 286. This court specifically relied on *Harris* in instructing the jury in the instant case, as it was the controlling precedent at the time of trial. Thus, the jury was not instructed to consider whether the communication would be to a *federal* law enforcement officer, and, in fact, was instructed to the contrary.* The court is of

---

\* The jury was instructed as follows:

In order to prove the crime of killing a

witness to prevent communication to law

the opinion that the failure properly to instruct the jury as to one of the elements of the crime requires that the defendant's conviction on Count Seven be vacated under *Fowler.*

Therefore, the parties to this case must **SHOW CAUSE** within fourteen (14) days of this Order why the defendant's conviction on Count Seven should not be vacated per the Supreme Court's holding in *Fowler.* The court **DIRECTS** the Clerk to send a copy of this Order to defense counsel, the Assistant United States Attorney at Newport News, and the United States Probation Officer.

**IT IS SO ORDERED.**

enforcement as charged in Count Seven of the Second Superseding Indictment, the government must prove the following:

    One: The defendant, Anthony Lee Wainwright, Jr., killed Diane Elizabeth Green;

    Two: The defendant, Anthony Lee Wainwright, Jr., intended to prevent her from communicating to a law enforcement officer information related to the commission and possible commission of a federal offense;

    Three: The offense was a federal offense. You are instructed that the government is not required to prove any state of mind with respect to the circumstance that the law enforcement officer is an officer or employee of the federal government or regarding whether the communication that a defendant sought to affect would be conducted by federal officers.

Jury Instruction 54.